IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JENNIFER JOHNSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )   Case No. 12-2491-CM |
| **THE TRAVELERS INDEMNITY COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

Plaintiff Jennifer Johnson filed this breach of contract action in the District Court of Wyandotte County, Kansas, against defendant The Travelers Indemnity Company. Plaintiff seeks more than $50,000 in unpaid benefits plus prejudgment interest, penalties, attorney's fees, and costs. Defendant removed the action, asserting diversity jurisdiction. Plaintiff does not dispute that the parties are diverse. At issue is whether more than $75,000 is at stake. Claiming that the amount in controversy requirement is not met, plaintiff filed the instant Motion for Remand to State Court (Doc. 4). For the following reasons, the court grants the motion.

The removing party bears the burden of showing that jurisdiction is proper in federal court. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (citation omitted). "Because the courts of the United States are courts of limited jurisdiction, there is a presumption against federal jurisdiction." *Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)). The court is mindful that "[d]oubtful cases must be resolved in favor of remand." *Thurkill v. The Menninger Clinic, Inc.*, 72 F.

Supp. 2d 1232, 1234 (D. Kan. 1999) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (further citations omitted)).

Defendant contends that this court has jurisdiction under 28 U.S.C. § 1332(a), which provides original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The face of the petition and notice of removal indicate that the parties are diverse for purposes of Section 1332(a)(1). The amount in controversy, however, is not as clear.

Where the state-court petition does not allege over $75,000 in controversy, the removing defendant must show by a preponderance of evidence that the jurisdictional threshold is met. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). A defendant may prove jurisdictional facts "by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *Id*. at 954 (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540–43 (7th Cir. 2006) (quotation marks omitted)). Once the defendant meets this burden, "uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed." *Id*. at 955 (quoting *Meridian Sec. Ins. Co.*, 441 F.3d 543 (quotation marks omitted)).

Plaintiff's state-court petition seeks "a sum in excess of $50,000.00" plus interest, penalties and attorney's fees under K.S.A. § 40-256. Defendant removed on the basis that "reasonable attorney fees, if awarded, could exceed the $25,000.01 necessary to vest the Court with jurisdiction." (Doc. 1 at 2.)

Plaintiff responds that (1) under § 40-256, attorney's fees are considered costs and therefore do not count toward the amount in controversy; and (2) defendant does not adequately support its conclusory assertion that fees will exceed $25,000.01.  The court agrees that defendant's allegations are insufficient to vest this court with diversity jurisdiction.

Defendant fails to provide the court with any basis for its speculation about the total potential attorney's fees.  *McPhail* noted a number of ways defendant could have met its burden.  But all defendant has given the court is its unsupported allegation and a number of case citations suggesting that the court can assume the amount of potential attorney's fees.

The cases defendant cites are distinguishable from the case at hand.  First, defendant relies on *Frakes v. Farm Bureau Mutual Inurance Co.*, No. 06–2110–CM, 2007 WL 2071755, at *2 (D. Kan. July 19, 2007), a case that this court is intimately familiar with.  In *Frakes*, the plaintiff initiated the suit in federal court and sufficiently alleged the amount in controversy.  The defendant did not show to a legal certainty that the plaintiff could not recover that amount.  The posture of the case and the burden of proof both differed from the case at hand.  Second, defendant cites *Gerig v. Krause Publication, Inc.*, 58 F. Supp. 2d 1261, 1264–66 (D. Kan. 1999).  Defendant's comparison to *Gerig* suffers from the same defect as its comparison to *Frakes*.  In addition, both cases predated *McPhail*.

Finally, defendant cites *Lininger v. State Farm Fire & Caualty Co.*, 958 F. Supp. 519, 520 (D. Kan. 1997)).  *Lininger*—unlike *Frakes* and *Gerig*—was a removal case.  There, the court found that "[a]t this early stage of the litigation, the court cannot say that a reasonable attorney fee will be less than $16,000," the amount necessary to reach the jurisdictional threshold.   958 F. Supp. at 520.  Based on when *Lininger* was issued (1997), the court did not have the benefit of the Tenth Circuit's guidance in *McPhail* (issued in 2008).  The court does not believe it would be appropriate to follow *Lininger* in light of the Tenth Circuit's more recent discussion of the burden of proof in *McPhail.*

Admittedly, the procedural posture of the case makes it difficult for defendant to produce evidence regarding the scope of the attorney's fees at stake. *See McPhail*, 529 F.3d at 953. Nevertheless, defendant must show jurisdictional facts by a preponderance of evidence. *Id*. at 955. To address this difficulty, a defendant may request time for limited discovery before responding to a motion to remand. *Id*. at 954; *Minimally Invasive Surgery Hosp., Inc. v. Arnold*, No. 08-2637-KHV, 2009 WL 1874033, at *4 (D. Kan. June 30, 2009). Defendant has not so requested.

Based on the record before it, the court determines that defendant has not shown that plaintiff's claim—including attorney's fees—exceeds $75,000. *See Minimally Invasive Surgery Hosp.*, 2009 WL 1874033, at *4.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Remand to State Court (Doc. 4) is granted. The Clerk is directed to remand the case to the District Court of Wyandotte County, Kansas.

The case is closed.

Dated this  15th  day of October, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**